IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| **TYLER HENSON,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**BAKER SCHOOL DISTRICT NO. 12 BOARD OF TRUSTEES,**<br><br>**Defendant.** | Case No. CV-12-11-BLG-RFC<br><br><br>**ORDER DENYING MOTION TO DISMISS** |

**I.   INTRODUCTION**

Plaintiff Tyler Henderson brings this action against Baker School District alleging Baker High School discriminated against him on account of his disabilities in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"). Section 504 of the Rehabilitation Act prohibits discrimination against otherwise qualified individuals on the basis of handicap by any program or activity receiving federal financial assistance.

The School District has moved to dismiss the action on the grounds that the statute of limitations has expired, as Henderson was graduated from Baker High

1

School in 2010 and did not file suit until January of 2012. The facts material to this motion are undisputed. Its resolution depends solely on which Montana-law limitations period is applicable to a § 504 claim. If the three-year period for "commencement of an action upon a liability not founded upon an instrument in writing" is applicable, this suit is timely. If the 180-day period for discrimination claims applies, then this case must be dismissed. Because the three-year period is applicable, the School District's motion must be denied.

## II.   ANALYSIS

Since the facts are undisputed and the issue can be resolved by relying solely on the well-pleaded facts alleged in the Complaint, accepted as true and viewed in the light most favorable to Henson, this statute of limitations issue can properly be resolved on a Rule 12(b)(6) Fed.R.Civ.P. motion to dismiss for failure to state a claim upon which relief may be granted. *Sternhagen v. Dow Co.,* 711 F.Supp. 1027, 1029 n.1 (D. Mont. 1989). Since § 504 of the Rehabilitation Act does not specify a statute of limitations, courts must apply the most analogous limitations period provided by Montana law. *See Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985)(since a § 1983 claim is most analogous to a tort action for personal injury, that limitations period applies to § 1983 claims). In doing so, this Court must "characterize the essence of the claim ... and decide which state statute

provides the most appropriate limiting principle." *Id.* at 268.

There are no cases discussing what limitations period is most appropriate for § 504 claim under Montana law. But the large majority of courts have applied the forum state's limitations period for personal injury claims. *See Jaiyeola v. District of Columbia,* 40 A.3d 356, 364 (D.C. 2012), *citing* Scott Smith, *What statute of limitations applies in actions under § 504 of Rehabilitation Act of 1973 (29 U.S.C.A. § 794),* 120 A.L.R. Fed 621 (originally published 1994, updated weekly by Westlaw). Henson urges the Court to follow the majority trend and apply Montana's three-year personal injury limitations period codified at Mont. Code Ann. § 27-2-204(1).

Henson also notes that the Ninth Circuit Court of Appeals has applied California's personal injury limitations period to § 504 claims. *Douglas v. California Dept. Of Youth Authority,* 271 F.3d 812, 813, n. 11 (9th Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Johnson v. Dept. of Army and Air Force,* 465 Fed.Appx. 644, 645 (9th Cir. 2012)(unpublished)(citing *Douglas*). But the School District persuasively counters that the *Douglas* court made no attempt to characterize the essence of the claim and determine which state limitations period provided the most appropriate limiting principle as required by *Wilson,* but rather applied California's one-year

limitations period for personal injury actions because the parties agreed to its application. 271 F.3d at 821, n. 11; *See also Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1135-36 (9th Cir. 2001) (noting that Ninth Circuit had not yet held that California's personal injury statute of limitations applies to section 504 claims, other circuits have held that the forum state's personal injury limitations period applies to such a claim; and since it was conceded that the one-year personal injury limitations period applied, the issue was not addressed). Similarly, *Johnson* merely cites *Douglas* for the proposition that California's one-year limitations period for personal injury actions is applicable to § 504 claims and also made no attempt at characterizing the essence of the claim. 465 Fed.Appx. at 645.

    The gravamen of Henson's Complaint is discrimination on the basis of his disability. The School District therefore argues that the 180-day period for filing a disability discrimination claim is applicable. Mont. Code Ann. § 49-2-501(4).[1] Indeed, the District of Columbia Court of Appeals and the U.S. Court of Appeals for the Fourth Circuit have applied anti-disability discrimination statute limitations periods to § 504 claims rather personal injury limitations periods. *Jaiyeola v.*

---

[1] A discrimination complaint must be filed within 300 days if an internal grievance procedure is followed. Mont. Code Ann. § 49-2-501(4)(b).

*District of Columbia,* 40 A.3d 356 (D.C. 2012) (applying one-year limitations period from D.C.'s Human Rights Act); *J.S. ex rel. Duck v. Isle of Wight County School Bd.,* 402 F.3d 468 (4th Cir. 2005), *citing Wolsky v. Medical College of Hampton Roads,* 1 F.3d 222 (4th Cir. 1993) (applying one-year limitations period from Virginia Rights of Persons With Disability's Act); and *McCullough v. Branch Banking & Trust Company*, 35 F.3d 127 (4th Cir. 1994)(applying 180-day limitations period from North Carolina's Handicapped Persons Protection Act).

But even though the reasoning of these non-binding cases is persuasive and Montana's anti-discrimination cause of action is as analogous to a § 504 claim as the claim at issue in *Jaiyeola,* the 180-day period is not a statute of limitations. Section § 49-2-501(4) places a limit on when an aggrieved party must file an administrative claim with the Montana Department of Labor and Industry. Section 504 of the Rehabilitation Act contains no such requirement.

Moreover, § 27-2-204(1) plainly provides that the "period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years." Finally, it cannot be ignored that the cases cited by the School District are in the minority and the majority of courts that have addressed the issue have applied tort limitations periods because the Rehabilitation Act is an anti-discrimination statute and that, as courts have recognized in borrowing state

5

statutes of limitations in actions under 42 U.S.C. §§ 1981 and 1983 and under Title VI of the Civil Rights Act of 1964, discrimination claims are essentially personal injury claims. *Jaiyeola,* 40 A.3d at 364-65.

For those reasons, the Court concludes that the three-year limitations period found at Mont. Code Ann. § 27-2-204(1) is the applicable statute of limitations.

### III.  ORDER

**IT IS HEREBY ORDERED** that the School District's Motion to Dismiss (doc. 4) is **DENIED**.

Dated this 31st day of July, 2012.

> */s/ Richard F. Cebull*_____
> Richard F. Cebull
> United States District Judge