IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TYLER HENSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BAKER SCHOOL DISTRICT NO. 12 BOARD OF TRUSTEES,<br><br>　　　　Defendant. | CV 12-11-BLG-CSO<br><br><br>ORDER ADDRESSING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS |

　　　　Plaintiff Tyler Henson ("Henson") filed this action claiming that Defendant Baker School District No. 12 Board of Trustees ("Baker School District") discriminated against him in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits discrimination against persons with disabilities. *Complaint (ECF 1)*[1] *at 10-11*. By Notice filed May 28, 2013, this case was assigned to the undersigned for all purposes. *ECF 22*.

　　　　Now pending is Baker School District's "objection" to Henson's expert witness disclosure, which the Court treats as a motion for relief

---

[1] A citation to "ECF" refers to documents as they are filed in the Court's electronic case filing system.

-1-

under Rule 37(c)(1), Fed. R. Civ. P,[2] because it requests that "Mr. Jakupcak's expert report be struck and that he be barred from offering testimony." *ECF 35*. Having considered the parties' arguments, the Court rules as discussed below.

I. **Procedural Background Relevant to the Instant Motion**

On July 12, 2013, the Court issued a Scheduling Order that vacated all previously-issued scheduling orders and set deadlines, including the following: (1) simultaneous serving of liability expert disclosures and serving of Henson's damages expert disclosure by August 30, 2013; (2) serving of Baker School District's damages expert disclosures by September 20, 2013; (3) filing of "[o]bjections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report ... within 14 days of the [preceding] disclosure date[s]"; and (4) a discovery deadline of November 1, 2013. *Scheduling Order (ECF 30) at 2, 4.* The Scheduling Order warned as follows:

> An inadequate report or disclosure under Fed. R. Civ. P. 26(a)(2)(B) may result in the exclusion of some or all of the expert's opinions at trial even though the expert has been

---

[2]References to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

-2-

deposed.

*Id.* at 4-5 (emphasis omitted).

## II.   Parties' Arguments

Baker School District argues[3] that Jakupcak's expert witness disclosure statement is not sufficiently detailed. It argues that Jakupcak failed to: (1) list his education, degrees, or institutions attended; (2) list courses he taught; (3) state whether he published any articles; (4) state in what capacities he worked in public schools, how long he worked, whether he held any state licensure, or how his experience in public schools is relevant; (5) state his qualifications respecting Section 504 or list specific programs he developed or implemented or where; (6) state what articles he reviewed, who wrote them, or how they informed his opinion in this matter; and (7) identify his education, training, or experience. *Id*.

Henson responds by arguing that: (1) when she provided

---

[3]Baker School District did not file an opening brief, presumably because it did not file its "objection" as a motion. Nevertheless, as noted above, the Court will treat the objection as a motion and consider the arguments raised as though they were set forth in a separately-filed brief.

Jakupcak's report to Baker School District, "counsel inadvertently neglected to attach his curriculum vita (CV)[,]" *Henson's Resp. Br. (ECF 36) at 2*; (2) Henson attached Jakupcak's report and CV to his response noting that, "[i]mmediately upon receiving notice of [Baker School District's] Objection filed herein, [Henson's counsel] provided a copy of Dr. Jakupcak's CV to opposing counsel[,]" *id.*; (3) "Jakupcak's education, training, experience, publications, and a listing of the courses he has taught at the University of Montana are all set forth in his CV[,]" *id.*; (4) counsel for Baker School District "is very familiar with Dr. Jakupcak and his qualifications[ ]" because its counsel "cross-examined Dr. Jakupcak in a special education administrative hearing conducted February 20-21, 2013, *In the Matter of A.M.*, OSPI No. 2012-01[,]" *id.*; (5) in that case, Jakupcak's CV was admitted by the parties' agreement, *id.*; (6) during a status conference with this Court on July 12, 2013, Baker School District's counsel "noted her familiarity with Dr. Jakupcak when [Henson's] counsel identified him as [Henson's] likely expert[,]" *id. at 3*; (7) Baker School District's objection to Jakupcak's disclosure "is grounded on a technical oversight that was quickly and

-4-

readily cured immediately upon receiving notice of the oversight ..." and Baker School District will suffer no prejudice or harm as a result, *id.*; and (8) Baker School District does not object to the sufficiency of the expert report's detail or basis, only that Jakupcak's qualifications were insufficiently detailed, so there is no basis for excluding Jakupcak's expert testimony, *id.*

In reply, Baker School District concedes that Henson provided Jakupcak's CV after Henson's counsel became aware that the CV was not included with his expert report. *Baker School District's Reply Br. (ECF 37) at 2.* It further concedes that Jakupcak's CV: (1) lists his education, degrees, and conferring institutions; (2) lists courses he taught, his publications, the public schools where in worked, and the positions he held; and (3) notes his state licensure. *Id.* But, Baker School District argues, the CV does not mention his specific education, training, or "experience with the qualifications, development and implementation of services and programs under ... Section 504 ..." as stated in his disclosure. Also, it argues, Jakupcak's report and CV do not provide: (1) information about his specific qualifications to render

-5-

an expert opinion regarding Section 504 or state what specific programs he developed or implemented related thereto, *id. at 3*; (2) information about what he reviewed regarding the Rehabilitation Act, what articles he reviewed or who wrote them, or how the articles informed his opinion in this matter, *id.*; or (3) information about his education, training, or experience regarding Section 504 or a school's obligations under it, *id.*  Because of these deficiencies, Baker School District argues, it is unable to evaluate Jakupcak's opinion and, thus, prejudice has not been cured.  *Id. at 4*.

### III.  **Legal Standards**

Rule 26(a)(2)(a) requires a party to disclose to all "other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Disclosures are meant to allow the opposing party a reasonable opportunity to prepare for effective cross examination of the witness and to arrange for expert testimony from other witnesses.  *See* Advisory Committee Notes to 1993 Amendments.  If a witness is retained for the purpose of providing expert testimony in the case, the witness's disclosure "must be

accompanied by a written report – prepared and signed by the witness[.]" Rule 26(a)(2)(B).  The report must contain:

> (I)   a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)  the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

Rule 26(a)(2)(B).

"Expert reports eliminate unfair surprise and conserve resources." *Flonnes v. Property & Cas. Ins. Co. of Hartford*, 2013 WL 2285224, *2 (D. Nev., May 22, 2013) (citing *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998)).  "The test under Rule 26(a)(2)(B) is 'whether [the report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary

depositions [ ] avoided, and costs are reduced." *Id.* (citing *Elgas*, 179 F.R.D. at 299).

If a party fails to meet Rule 26(a)'s disclosure requirements, Rule 37(c)(1) forbids the use at trial of the non-disclosed information unless the failure to disclose was substantially justified or harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Thus, Rule 37(c)(1) "gives teeth to the expert disclosure requirements" of Rule 26(a). *Id.; Olson v. Montana Rail Link, Inc.*, 227 F.R.D. 550, 552 (D. Mont. 2005). The party facing sanctions under Rule 37(c) carries the burden to demonstrate harmlessness. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) (citing *Yeti by Molly*, 259 F.3d at 1107)).

## IV. <u>Discussion</u>

As noted, Baker School District agrees that Henson provided it with Jakupcak's CV. *ECF 37 at 2*. While Baker School District agrees that much of the information it sought has now been provided, it persists in its position that Jakupcak's disclosure is missing information necessary to adequately investigate and understand his

opinion. *Id. at 2-3.*

Having carefully reviewed Jakupcak's report and CV, the Court concludes that Baker School District's objection to the sufficiency of his report is well-taken. Jakupcak states that he has "extensive experience with the qualifications, development and implementation of services and programs under the Vocational Rehabilitation Act ... including Section 504[.]" *ECF 36-1 at 1*. In his CV, he lists his education, teaching and other professional positions, courses taught, and publications. From their number, titles, and brief descriptions, one might readily infer that he has the "extensive experience" he claims respecting Section 504 of the Rehabilitation Act. But, as noted above, Rule 26(a)(2)(B) requires more. *Elgas*, 179 F.R.D. at 299 (noting the rule appears "to require exact compliance in all particulars with the disclosures") (citing *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997) (citation omitted)). It requires the basis and reasons for every opinion, including the facts or data considered in forming them. Rule 26(a)(2)(B)(i) and (ii).

Here, Jakupcak does not provide information respecting

-9-

specifically what he reviewed concerning the Rehabilitation Act, including articles or other material, their sources, or how they influenced his opinions in this case. In short, neither his report nor his CV contains information respecting his experience, education, or training specifically pertinent to Section 504 of the Rehabilitation Act and his ability to apply its provisions to the circumstances of this case. *U.S. v. GC Quality Lubricants, Inc.*, 2002 WL 34376587, *2 (M.D. Ga. 2002) ("An expert report must contain some discussion of the reasoning and thought process that led to the ultimate conclusion.") (citing *Elder v. Tanner*, 205 F.R.D. 190, 193 (E.D. Tex. 2001)). Thus, Jakupcak's report does not comply with Rule 26(a)(2)(B).

The Court next must consider whether Henson's failure to comply with Rule 26(a)(2)(B) was substantially justified or harmless in deciding whether to exclude Jakupcak as an expert witness as a sanction. In performing this analysis, the Court finds the following instructive:

> [I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1)

> the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Frye v. Hanson Aggregates PMA, Inc.*, 2006 WL 5349211, *3 (S.D. W.Va. 2006) (quoting *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (citing *Rambus, Inc. v. Infineon Tech. AG*, 145 F.Supp.2d 721 (E.D.Va.2001) and *Luma [Corp. v. Stryker Corp*.], 226 F.R.D. [536] at 543-44 [S.D. W.Va. 2005)).

Apply the foregoing factors to the circumstances here, the Court will not exclude Jakupcak as an expert witness. The Court concludes that less drastic alternatives exist and believes that any prejudice to Baker School District caused by Jakupcak's insufficient disclosure can be cured.

Respecting the first two factors, Henson's inadvertent failure to provide Jakupcak's CV and the insufficiency of the report described above may have caused surprise and prejudice. But most of the surprise and prejudice was immediately remedied when Henson promptly provided the CV upon being alerted to its absence. Any

remaining prejudice may be remedied, as discussed below, by requiring a supplemental report and allowing Baker School District a limited discovery deadline extension to depose Jakupcak.

Respecting the third factor, trial of this matter will not be disrupted by the Court's ruling. Trial is set to commence on April 29, 2014 – six months hence. Thus, there is ample time for Baker School District to evaluate a supplemental report from Jakupcak and to depose him, if necessary, before trial.

Respecting the fourth factor, the Court is uncertain regarding the evidence's relative importance in the context of this case. The record does not reflect precisely what evidence either party intends to introduce or whether other experts have been retained to testify. Thus, this factor weighs neither in favor of nor opposed to the Court's decision not to strike Jakupcak's report or preclude him from testifying.

Respecting the fifth factor, Henson has offered no explanation for the insufficiency of Jakupcak's report. Henson merely argued in his response brief that Baker School District did not challenge the sufficiency of the report but rather only that it lacked information

about his qualifications. *ECF 36 at 3*. But this is not correct. Baker School District's motion specifically challenges the report's sufficiency by arguing "[a]t no point does Mr. Jakupcak state what his specific qualifications are, or what specific programs he developed or implemented or where[ ]" and by noting the report "does not state which articles he reviewed, who they were authored by or how the articles informed his opinion in this case." *ECF 35 at 2*. While this factor supports exclusion of Jakupcak's report and testimony, the foregoing factors outweigh it in light of the availability of less drastic measures that will permit resolution of this case on its merits.

From the foregoing discussion, the Court cannot conclude that the insufficiency of Jakupcak's report was substantially justified or harmless. But it does conclude that sanctions less drastic than striking the report and excluding Jakupcak from testifying are available and will cure any prejudice to Baker School District.

## V. <u>Conclusion</u>

Based on the foregoing, IT IS ORDERED that Baker School District's motion (*ECF 35*) is DENIED to the extent it seeks the Court's

order striking Jakupcak's report and precluding him from offering testimony. The Court, however, in exercising its discretion, concludes that less drastic alternatives are appropriate. Accordingly,

IT IS FURTHER ORDERED that:

1. On or before November 8, 2013, Henson must provide Baker School District a supplemental report from Jakupcak that fully complies with Rule 26(a)(2)(B).

2. On or before December 6, 2013, at a time convenient to Baker School District, Baker School District may depose Jakupcak.

3. Having considered the factors under Rule 37(c)(1)(A), the Court concludes that no award of fees and costs is appropriate.

DATED this 28th day of October, 2013.

                                **/s/ Carolyn S. Ostby**
                                United States Magistrate Judge